UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | | |
|---|---|---|
| IN RE:<br>ANTHONY FRAMBES<br>   Debtors | §<br>§<br>§ | Case No. 08-22398<br>Chapter 7 |
| JPMORGAN CHASE BANK NA<br>   Movant<br>vs.<br>ANTHONY FRAMBES<br>   Respondent | §<br>§<br>§<br>§<br>§<br>§ | Judge Howard |

## DEBTOR'S REQEUST FOR VALUATION OF REAL PROPERTY AND RESPONSE/ OBJECTION TO MOTION OF JPMORGAN CHASE BANK NA FOR RELIEF FROM STAY AND ABANDONMENT (PROPERTY LOCATED AT 200 SONOMA COURT, COLD SPRINGS, KY 41076)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Anthony Frambes, the debtor and respondent herein, who in response and objection to the movant JPMorgan Chase Bank NA's Motion for Relief from Stay would show as follows:

1.    The debtor Anthony Frambes denies the factual allegations contained in JPMorgan's motion and leaves the creditor to its proof. Additionally, debtor expressly does not waive any rights he may otherwise have to contest the failure of JPMorgan's motion to factually substantiate and support grating of the requested relief;

2.    JPMorgan has not established that it is the successor in interest to the primary creditor who the debtor obtained the loan from.

3.    The value of the property itself is contested. In order to obtain relief from the automatic stay, the creditor must establish that it is not adequately protected. It is the debtor's

understanding that his is typically done by showing that there is an insufficient equity cushion to protect the creditor when the amount owing on the mortgage/note is compared to the present fair market value of the property. In this case, the creditor seeks to do so by claiming that "the value of the collateral is $150,000.00. This valuation is based on Campbell County Property Valuation Administrator." Motion for Relief at page 2, ¶ 6. Movant's counsel knows that property tax valuation determinations are more politically then factually based and have little, if anything to do with the present fair market value of the subject property. Debtor would deny that the movant's allegation as to the property's value and would submit that there indeed exists an equity cushion with respect to this property such that the movant is not entitled to the relief that it seeks.

4. The debtor does not waive the application of Bankruptcy Rule 4001(A)(3). It is the understanding of the debtor that Bankruptcy Rule 4001(A)(3) provides that any order granting relief from the stay that the Court makes is automatically stayed for ten days following entry of that order. The debtor has absolutely no intention of waiving the protections afforded her by this or any other provision of the bankruptcy rules.

WHEREFORE, the debtor Sheila Jordan prays that the Court deny the moving parties' Motion for Relief from Stay in its entirety, and requests such other and further relief as the Court may deem fair and just.

Respectfully submitted,

Anthony Frambes, Debtor and Respondent
347 Riverbend Drive
Ludlow KY 41016

## CERTIFICATE OF SERVICE

This to certify that on the __8__ day of February 2009, 2007, a true and complete copy of the above and foregoing DEBTOR'S REQEUST FOR VALUATION OF REAL PROPERTY AND RESPONSE/ OBJECTION TO MOTION OF JPMORGAN CHASE BANK NA FOR RELIEF FROM STAY AND ABANDONMENT (PROPERTY LOCATED AT 200 SONOMA COURT, COLD SPRINGS, KY 41076) with a proposed order was served on the following trustee, and any other interested party by depositing in the United States mail, with postage prepaid and addressed as follows:

Joel K. Jensen
Lerner Sampson & Rothfuss
Box 5480
Cincinnati OH 45201
Attorney for JPMorgan Chase Bank NA

L. Craig Kendrick, Trustee
7000 Houston Road Bldg 300 Ste 25
Florence KY 41042

_____
Anthony Frambes