**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

ANTHONY FRAMBES                                                    CASE NO. 08-22398

DEBTOR


**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO DISMISS AND SETTING EVIDENTIARY HEARING**


This matter having come before the Court on the Plaintiff's Motion for Contempt [Doc. 94] and the creditor Nuvell National Auto Finance, LLC's Motion to Dismiss Fair Credit Reporting Act Claims [Doc. 95], the Court having heard the arguments of counsel, reviewed the record, and being otherwise sufficiently advised, finds as follows:

The Plaintiff moved to reopen his Chapter 7 bankruptcy [Doc. 90] for the purpose of filing a motion asking the Court to hold the creditor Nuvell National Auto Finance, LLC ("Nuvell"), and CCB Credit Services ("CCB") in contempt for violation of the discharge injunction pursuant to 11 U.S.C. §524.  The case was reopened [Doc. 92] and the Debtor subsequently filed a Motion for Contempt alleging Nuvell and CCB attempted to collect a discharged debt through a series of contacts made to the Debtor and his family members in violation of the discharge injunction. The Debtor also alleged he is entitled to damages for Nuvell's violation of the Fair Credit Reporting Act, or 15 U.S.C. §1681, by continuing to report the discharged debt on the Debtor's credit report.

Nuvell and CCB have responded denying these allegations [Docs. 96 and 97].  Nuvell also filed a Motion to Dismiss the Fair Credit Report Act claim [Doc. 95] for lack of subject matter jurisdiction and pursuant to Fed. R. Bank. P. 7012 for failing to state a claim upon which relief can be granted.  Nuvell argues this Court lacks subject matter jurisdiction over the Fair

Credit Reporting Act claim because the claim is a post-petition claim that is not property of the estate and shall have no conceivable effect on the estate.  Nuvell also argues that the Debtor cannot prevail under the Fair Credit Reporting Act as the Debtor did not comply with the statute and is ineligible to pursue a claim.

The Debtor filed a response to Nuvell's Motion to Dismiss [Doc. 98] and stated that he is "not attempting to create a private cause of action through is motion for contempt," nor is he seeking to recover under the Fair Credit Reporting Act as a private cause of action. Furthermore, the Debtor admits that he did not take the steps necessary to recover under the Fair Credit Reporting Act.  The Debtor represented in his response to the Court and at the hearing on the motions that he is only seeking damages for violation of the discharge injunction and is merely using the duties created by Fair Credit Reporting Act to illustrate Nuvell's duties to provide accurate information to consumer reporting agencies and correct inaccurate information as it relates to potential violations of the discharge injunction.

Because the Debtor admits he is not seeking to recover for a violation of the Fair Credit Reporting Act, IT IS HEREBY ORDERED that Nuvell's Motion to Dismiss [Doc. 95] is GRANTED to the extent that the Debtor's Motion for Contempt seeks to recover any damages for violation of the Fair Credit Reporting Act.  This ruling is without prejudice to Debtor's right to argue that Nuvell has violated duties as set forth in the Fair Credit Reporting Act in support of its contempt motion for violation of the discharge injunction.

IT IS HEREBY FURTHER ORDERED:

1.    An evidentiary hearing on the Debtor's Motion for Contempt [Doc. 94] will be conducted at **10:00 a.m. on November 29, 2011 in the U.S. Bankruptcy Courtroom, 35 W. 5th Street, Room 306, Covington, Kentucky.**

2.  <u>Joint Stipulations</u>.  The parties shall file Joint Stipulations of Fact in accordance with the court's normal stipulation process.[1]

3.  <u>Hearing Briefs</u>.  Each party shall file a Hearing Brief which shall include a list of witnesses expected to be called at the hearing, with summary of anticipated testimony. The Brief shall set forth the issues in question, a summary of what the evidence will tend to prove, and case and statutory authority in support of the respective positions of the parties.

4.  <u>Exhibits</u>.  The parties shall produce for inspection and file copies of all exhibits which they intend to offer into evidence at the hearing. In addition, the parties (either jointly or separately) shall deliver to the court's chambers at **100 E. Vine Street, 3rd Floor, Community Trust Bank Building, Lexington, Kentucky**, two (2) indexed exhibit notebooks containing paper copies of all exhibits.  If no timely objection to an exhibit is filed, it shall be admitted into evidence at the hearing subject only to a relevancy objection.  Unless previously delivered, each party shall have a sufficient number of copies of pre-numbered exhibits at the evidentiary hearing for the court, its law clerk, opposing counsel and the witness.

5.  <u>Time for Filing Joint Stipulations, Briefs, Exhibits, and Objections</u>.  All Joint Stipulations, Briefs, and Exhibits shall be filed on or before **November 15, 2011 at 4:00 p.m.**  The Exhibit Notebooks shall be delivered to chambers on or before the same date/time.  Any objections to the Exhibits shall be filed on or before **November 22, 2011 at 4:00 p.m.**

Copies to:

Alexander Edmonson, Esq.

Benjamin Wolf, Esq.

Ellen Arvin Kennedy, Esq.

---

[1]Instructions available at http://www.kyeb.uscourts.gov  General Info. - Joint Stipulation Preparation.

Tyler Powell, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Tracey N. Wise***
**Bankruptcy Judge**
**Dated: Tuesday, October 11, 2011**
**(tnw)**